THE STATE OF OHIO, APPELLEE, *v.* MAGNUSON, APPELLANT.

(No. C-800324—Decided May 6, 1981.)

Mr. Simon L. Leis, Jr., prosecuting attorney, *Mr. Joseph G. Carr* and *Ms. Henrietta M. Bain,* for appellee.

*Mr. Robert L. Gensler,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendant-appellant, Michael Magnuson, seeks reversal of his convictions in a jury trial of one count of rape and two counts of aggravated burglary. Another conviction, being for aggravated robbery, was not appealed. In his two assignments

of error, defendant asserts that the rape conviction is against the manifest weight of the evidence and contrary to law because the state failed to prove all the elements of the offense beyond a reasonable doubt, and that the aggravated burglary convictions are contrary to law. We affirm the rape conviction but reverse and remand the aggravated burglary convictions.

The victim was attacked by the defendant as she approached the residence where she was employed as a private duty nurse. The defendant grabbed her from the rear, struck her several times over the head with a wooden club, and seized her purse. The victim began to cry, alerting another nurse inside the residence, who in turn called the police. The defendant meanwhile forced the victim to the rear of the house; where, after several aborted attempts at forced oral sex, he subjected her to vaginal rape. The rape was interrupted by the arrival of a police officer who observed the defandant on top of the victim with his pants partially down. When the officer identified himself and turned on his flashlight, the defendant jumped up and ran into a wooded area with the officer in pursuit. The defendant eluded the officer, returned to his automobile in which his two companions waited, and began to drive away. The car was wrecked, however, when the defendant tried to avoid hitting the police officer who by then had positioned himself in the center of the street. As the officer approached the driver's door with his revolver drawn, the three men exited the vehicle. The other two men were quickly caught, but the defendant got away and disappeared into a large apartment building. He entered one apartment, but

finding it occupied, immediately left and broke into a second apartment, this one being unoccupied at the time, where he concealed himself until apprehended by the police.

After conviction, defendant was sentenced to consecutive terms of seven to twenty-five years, each, for rape and for aggravated robbery, the latter conviction not being appealed, and terms of seven to twenty-five years, each, for the two aggravated burglaries, to run concurrently with each other and with the other two sentences.

In his first assignment of error, defendant asserts that the rape conviction is unsupported by evidence sufficient to conclude beyond a reasonable doubt that sexual conduct occurred. He claims that after striking the victim in order to take her purse, he was holding her to keep her from falling. This account was directly contradicted by the victim who testified that there was sexual penetration, and by the other prosecution witnesses. The evidence was amply sufficient to support a guilty verdict of rape. The defendant's first assignment of error is without merit.

Defendant's second assignment of error asserts that the two aggravated burglary convictions were contrary to law and that the court erred in its instructions to the jury. We agree. The aggravated burglary statute prohibits a trespass into an occupied structure with purpose to commit a theft offense or any felony therein.[1] The charges *sub judice* were that the defendant's trespass into two separate apartments was done for the purpose of escaping (a felony). Escape is purposely breaking (or attempting to

---

[1] R.C. 2911.11 (aggravated burglary) reads as follows:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with pur-

pose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

"(2) The offender has a deadly weapon or dangerous ordnance as defined in section

break) detention.[2] The lower court instructed the jury that "detention" means "arrest," and that an arrest occurs when the police officer intends to arrest the defendant and the defendant understands that intent.[3] This was error. The defendant is under detention "* * * when he is arrested and the arresting officer has established control over his person." State v. Reed (1981), 65 Ohio St. 2d 117 [19 O.O.3d 311], syllabus. The Supreme Court stated that because the legislature provided for both the misdemeanor of resisting arrest[4] and the felony of escape, the conduct constituting escape must differ and be more culpable. State v. Reed, supra, at page 123. In the instant case, the police officer had no control over the defendant's person until his ultimate capture and arrest inside the second apartment. The defendant's avoidance of apprehension constituted resisting arrest, not escape. Thus, defendant's purpose when he broke into the apartments was to commit a misdemeanor, not a felony, and the aggravated burglary convictions cannot stand. However, the evidence is amply sufficient to establish beyond a reasonable doubt that the defendant's entry into each of the apartments constituted criminal trespass in violation of R.C. 2911.21,[5] a lesser included offense of aggravated burglary. Thus, the second assignment of error has merit insofar as it contends that the aggravated burglary convictions were contrary to law.

The judgment and conviction of rape is affirmed. The judgment and conviction of the two aggravated burglaries is reversed, and we remand this cause under App. R. 12(B) with instructions to enter judgments of guilty of criminal trespass under the fourth and fifth counts of the indictment and to resentence the defendant for those misdemeanors.[6]

*Judgment accordingly.*

BLACK, P.J., KEEFE and KLUSMEIER, JJ., concur.

---

2923.11 of the Revised Code on or about his person or under his control;

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.

"(B) Whoever violates this section is guilty of aggravated burglary, a felony of the first degree."

[2] R.C. 2921.34(A) (escape) reads as follows:

"No person, knowing he is under detention or being reckless in that regard, shall purposely break or attempt to break such detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."

[3] The judge charged the jury in pertinent part as follows:

"Escape. Escape is defined as follows: No person, knowing he is under detention or being reckless in that regard, shall purposely break or attempt to break such detention.

"Detention. Detention means arrest.

"Arrest. Arrest means that a police officer had the intent to arrest, in the sense of depriving the defendant of his freedom of movement; that the officer sought to detain the defendant; and that the defendant understood that the officer intended to arrest him and sought to detain him."

[4] R.C. 2921.33 (resisting arrest) reads as follows:

"(A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or another.

"(B) Whoever violates this section is guilty of resisting arrest, a misdemeanor of the second degree."

[5] R.C. 2911.21 (criminal trespass) reads in pertinent part as follows:

"(A) No person, without privilege to do so, shall do any of the following:

"(1) Knowingly enter or remain on the land or premises of another;

"* * *

"(D) Whoever violates this section is guilty of criminal trespass, a misdemeanor of the fourth degree."

[6] We recognize that under R.C. 2929.41(A) (multiple sentences) the sentences for the two misdemeanors of criminal trespass shall be served concurrently with the felony sentences.