791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JACK CHEWNING, Petitioner-Appellant,
v.
ARTHUR TATE, SUPT., Respondent-Appellee.
 85-3841
 United States Court of Appeals, Sixth Circuit.
 4/1/86
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: KEITH and NELSON, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon consideration of petitioner's motion for appointment of counsel and appeal from the district court's judgment denying 28 U.S.C. Sec. 2254 habeas corpus relief. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of plaintiff's motion, the parties' briefs the certified record, and transcript, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was convicted by a jury in the Court of Common Pleas, Lucas County, Ohio for rape in violation of Ohio Revised Code Section 2907.02(A). He appealed his conviction to the Ohio Court of Appeals, Sixth Judicial District, which affirmed his conviction. The Ohio Supreme Court dismissed petitioner's motion for a delayed appeal. Thereafter, petitioner filed a habeas corpus petition in the district court under 28 U.S.C. Sec. 2254. He alleges that his conviction is constitutionally infirm due to the trial court's failure to instruct the jury on the lesser included offense of rape: gross sexual imposition. Petitioner argues that proof of male organ penetration is required for a conviction of rape in Ohio, and the state's failure to produce evidence of seminal fluid on the body or clothing of the victim raised the issue of penetration, vel non. As a result, he alleges that he was denied constitutional due process and equal protection.
 
 
 3
 Upon consideration, this Court finds petitioner's argument lacks merit. Whether to instruct the jury on a lesser included offense is a matter of law and left to the trial court's discretion. See United States v. LoRusso, 695 F.2d 45 (2d Cir.), cert. denied, 103 S.Ct. 1525 (1983); Rule 31(c), Federal Rules of Criminal Procedure. The failure to give a requested lesser included offense instruction does not rise to the level of constitutional error when the failure was correct as a matter of law. Pilon v. Bordenkircher, 593 F.2d 264 (6th Cir.), vacated and remanded on other grounds, 444 U.S. (1979). Moreover, the Supreme Court has not held that a defendant is entitled to a lesser included offense instruction as a matter of due process, but is so entitled to a lesser included offense instruction if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater. Beck v. Alabama, 447 U.S. 625 (1979); Keeble v. United States, 412 U.S. 205 (1972); Pilon, supra, p. 267 n.4.
 
 
 4
 The evidence in the present case is substantial that petitioner's sexual activity exceeded sexual contact with the victim. Expert medical testimony clearly established that penetration occurred in the victim's vaginal area. The testimony was unrefuted. It is irrelevant that traditional seminal fluid was not produced as evidence. Rape in Ohio pursuant to O.R.C. Sec. 2907.02(A) contemplates sexual conduct involving penetration by force or threat beyond traditional intercourse. See State v. Magnuson, 2 Ohio App. 21, 440 N.E.2d 581 (1981). Vaginal penetration of some type occurred during the sexual activity, and proof of such was sufficient to establish sexual conduct, and eliminate consideration of mere sexual contact by gross imposition.
 
 
 5
 It is therefore ORDERED that petitioner's motion for appointment of counsel be and hereby is denied and the district court's judgment affirmed.