THE STATE OF OHIO, APPELLEE, *v.* HUFFMAN, APPELLANT.

(No. 1523—Decided April 8, 1987.)

*Norman E. Brague,* director of law, for appellee.

*Richard J. Marco,* for appellant.

GEORGE, J. Defendant-appellant, Daniel Huffman, was charged with assault, R.C. 2903.13(A), and resisting arrest, R.C. 2921.33(A). A jury acquitted the defendant of the assault charge, but found him guilty of resisting arrest.

The defendant moved for acquittal pursuant to Crim. R. 29 or, in the alternative, for a new trial pursuant to Crim. R. 33(A)(4). Both motions were denied. The defendant brings this appeal claiming six errors.

The facts giving rise to the charges show that the defendant was asked by the proprietor of a tavern, known as the "Loading Zone," to leave the bar. The proprietor escorted him out. When the defendant began hitting the entrance door, the proprietor told him to leave the area or the police would be called. The defendant encouraged the owner to call the police. The police were called.

One of the four responding officers recognized the defendant as being a person for whom there was an outstanding warrant. The police officers told the defendant that he was under arrest, surrounded him, and began efforts to take him into custody. Believing that he was being mistaken for one of his brothers, the defendant told the officers that they had the wrong man. One officer testified that the defendant said, "Not me, I'm not going."

As handcuffs were being placed on the defendant, he pulled his arm away. After he was handcuffed, two officers had to walk him to the cruiser. In the process, one of the officers and the defendant fell to the ground. When the defendant was partially in the cruiser, he lay on the back seat, kicking. One officer was kicked. One officer had to push the defendant and another officer had to pull him in order to get the defendant into the cruiser. Even after the defendant was inside the cruiser, he kicked the roof and cage of the cruiser.

The first three assignments of error deal with three motions for judgment of acquittal: one at the close of the state's case pursuant to Crim. R. 29(A), one at the close of the defendant's case pursuant to Crim. R. 29(A), and one after the jury had returned a verdict of guilty pursuant to Crim. R. 29(C).

The standard for reviewing a motion for acquittal pursuant to Crim. R. 29(A) was established in *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261, 9 O.O. 3d 401, 381 N.E. 2d 184, syllabus:

"* * * [A] court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

The standard of review on a Crim. R. 29(C) motion is the same. *United States* v. *Austin* (C.A. 5, 1978), 585 F. 2d 1271.

Throughout his arguments under these assignments of error, the defendant relies upon the premise that he cannot be guilty of resisting arrest if the resistance occurred after he had already been arrested. The question then is at what point was the arrest executed.

In *State* v. *Reed* (1981), 65 Ohio St. 2d 117, 19 O.O. 3d 311, 418 N.E. 2d 1359, the Supreme Court discussed the point at which "detention" occurs for purposes of R.C. 2921.34, the escape statute, as the point when the suspect is arrested "and the arresting officer

has established control over his person." *Id.* at 123, 19 O.O. 3d at 315, 418 N.E. 2d at 1364. Following that same reasoning, the court in *State* v. *Magnuson* (1981), 2 Ohio App. 3d 21, 2 OBR 23, 440 N.E. 2d 581, found error in a jury instruction that "an arrest occurs when the police officer intends to arrest the defendant and the defendant understands that intent" (footnote omitted). *Id.* at 23, 2 OBR at 24-25, 440 N.E. 2d at 583. The court there found significant the fact that the police officer "had no control over the defendant's person until his ultimate capture and arrest * * *." *Id.* at 23, 2 OBR at 25, 440 N.E. 2d at 583. Thus, "arrest" has been equated with control over the individual.

This is not inconsistent with *State* v. *Barker* (1978), 53 Ohio St. 2d 135, 7 O.O. 3d 213, 372 N.E. 2d 1324, which outlines the four elements of an arrest. Under *Barker,* there must be an intent to arrest, under a real or pretended authority, accompanied by an actual or constructive seizure or detention of the defendant, and which is so understood by him. *Id.* at paragraph one of the syllabus. Detention, as discussed above, is pinpointed by when the officer obtains control.

This is an objective determination that can be made on a case-by-case basis. It is established either by the defendant's surrender or submission to police authority or by police exertion of control over him. Here, this point did not arrive until the defendant was secure in the police cruiser and not before. Up to that point, the officer did not have control over him even though he was handcuffed and had been informed that he was under arrest.

This being the case, there was evidence adduced at trial upon which reasonable minds could reach different conclusions as to whether each material element of the crime had been proven beyond a reasonable doubt. Ac-

cordingly, the trial court was justified in overruling defendant's motions for acquittal. The first three assignments of error are overruled.

The fourth assignment of error deals with the trial court's refusal to define "arrest" further than the language used in *State* v. *Barker, supra.* The defendant did not submit or request a charge on this point. Neither did he object with specificity until after the jury had retired to deliberate. The trial court did not err. The charge was appropriate under the evidence offered in this case. This assignment of error is overruled.

The fifth assignment of error claims that the trial court erred in failing to grant a new trial pursuant to Crim. R. 33. Here, again, defendant's argument is based on his theory that the court erred as a matter of law in its construction of the point at which defendant was "under arrest." This determination was one for the jury. As discussed in the previous assignments of error, the jury could have reasonably concluded from the evidence presented that the arrest was not completed until the defendant was confined inside the patrol car. Furthermore, the evidence supports the jury's finding that the defendant resisted arrest. *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132. This assignment of error is overruled.

The final assignment of error complains of the state's introduction into evidence of a warrant for a crime unrelated to the trial charges. R.C. 2921.33 (A) provides:

"No person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or another."

It was incumbent upon the state to demonstrate real or constructive authority to make the arrest. *Barker, supra.* If there had been no outstanding warrant, police would not have had

the requisite authority. Thus, the warrant was offered into evidence for this purpose.

The defendant argues, however, that the warrant should have been excluded under Evid. R. 403(A), which provides that relevant evidence must be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." He also urges error in the trial court's refusal to permit evidence that he had been acquitted of the charge related to the warrant. Failure to exclude the warrant or to permit the presentation of evidence of acquittal on the charge permitted the jury to speculate on possible prior bad acts, he contends.

The trial court, however, instructed the jury that the ultimate disposition of the charge contained in the warrant was not relevant to its consideration of the offenses for which the defendant was currently being tried. The limiting instruction protected against the jury's wrongful use of that evidence.

A trial court enjoys broad discretion in admitting evidence and will be reversed for an abuse of that discretion only where the defendant suffers material prejudice. *State* v. *Williams* (1982), 7 Ohio App. 3d 160, 7 OBR 204, 454 N.E. 2d 1334, paragraph one of the syllabus. Here, the warrant was essential to the state's case and the danger of material prejudice was mitigated by the instruction to the jury. The danger of prejudice was clearly outweighed by the probative value. The assignment of error is overruled and the judgment of conviction is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and CACIOPPO, J., concur.