**The STATE of Ohio, Appellee,**

**v.**

**JACKSON, Appellant.**

[Cite as *State v. Jackson* (1992), 83 Ohio App.3d 298.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005283.

Decided Oct. 21, 1992.

*Gregory A. White*, Lorain County Prosecuting Attorney, for appellee.

*Hollace B. Weizel,* for appellant.

---

Cook, Judge.

On December 11, 1991, Neil S. Jackson ("Jackson") was convicted of escape, R.C. 2921.34. We reverse.

On July 23, 1991, Jackson went to Lorain County Correctional Facility's lobby. Having been informed that Jackson was in the lobby and that there was an outstanding warrant for his arrest, Sergeant Dunlap approached Jackson and asked him to identify himself. Jackson said who he was and Sergeant Dunlap said that there was a warrant for Jackson's arrest. Before Sergeant Dunlap could say anything more, Jackson "bolted out of the jail." After the ensuing chase, Jackson was apprehended.

Jackson now appeals, assigning three errors.

### Assignment of Error I

"The trial court erred to the prejudice of appellant and in violation of Crim.R. 29(A), Article I, Section 10 of the Ohio Constitution, and the due process clause of the Constitution of the United States, when it denied appellant's motion for acquittal."

Jackson contends that the trial court erred in denying his Crim.R. 29 motion for acquittal because there was insufficient evidence of Sergeant Dunlap's control of Jackson before Jackson ran from the lobby. It is fundamental that the prosecution must prove every necessary element of the crime charged. *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375. In reviewing a ruling on a Crim.R. 29 motion, this court must construe the evidence in the light most favorable to the state. *State v. Wolfe* (1988), 51 Ohio App.3d 215, 216, 555 N.E.2d 689, 690. "The court * * * shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense * * *." Crim.R. 29(A). A Crim.R. 29 motion should be granted when reasonable minds cannot fairly find each element of the offense has been proven beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

R.C. 2921.34 states in part: "No person, knowing he is under detention or being reckless in that regard, shall purposely break or attempt to break such detention * * *." A person is considered under "detention" within the meaning of R.C. 2921.34 when that person has been "arrested and the arresting officer has established control over his person." *State v. Reed* (1981), 65 Ohio St.2d 117, 19 O.O.3d 311, 418 N.E.2d 1359, syllabus. Control can be established by the

surrender or submission by the person or by police exertion of control over the person. *State v. Huffman* (1987), 38 Ohio App.3d 84, 86, 526 N.E.2d 85, 87.

In *Reed,* a police officer stopped a car, ordered the occupant out, and with his weapon drawn approached the car. *Reed, supra,* 65 Ohio St.2d at 119, 19 O.O.3d at 312, 418 N.E.2d at 1361. The defendant stepped out of the car, shot the officer and fled. *Id.* The Ohio Supreme Court held that the officer had not established the control required for the defendant to be guilty of escape. *Id.* at 123, 19 O.O.3d at 315, 418 N.E.2d at 1363. In *State v. Magnuson* (1981), 2 Ohio App.3d 21, 22, 2 OBR 23, 23, 440 N.E.2d 581, 582, the police officer approached the defendant while the defendant was attempting a rape. The officer identified himself while turning on his flashlight and the defendant ran. *Id.* The *Magnuson* court relied on *Reed* and held that the officer had not established control over the defendant; therefore, the defendant could not be guilty of escape. *Id.* at 23, 2 OBR at 24, 440 N.E.2d at 583.

The state argues that this case is similar to the unreported case of *State v. Stemen* (Mar. 10, 1989), Allen App. No. 1–87–26, unreported, 1989 WL 22034. We do not agree. In *Stemen,* a sheriff's deputy went to the defendant's home, advised him that he had a warrant for his arrest and told him that he would have to go to the sheriff's office. The defendant then asked the deputy if he could go upstairs and change his clothes. After receiving permission to go upstairs, the defendant jumped out of a window. The court held that the defendant was under the control of the deputy and could be found guilty of escape. The key evidence in *Stemen* was that the defendant submitted to the deputy's control by asking permission to go upstairs and change his clothes. The case before us has no facts which support a similar theory of submission.

This case is similar to both *Reed* and *Magnuson* in that there is no evidence to support the element of control. Jackson fled as soon as Sergeant Dunlap informed him that there was a warrant for his arrest. We find that the trial court erred in not granting Jackson's Crim.R. 29 motion. Jackson's first assignment of error is well taken.

Given our disposition of the first assignment of error, we do not reach Jackson's second and third assignments.

The judgment of the lower court is reversed and the case is remanded.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and CACIOPPO, J., concur.