Appellant Michael Anderson appeals from his conviction in the Summit County Court of Common Pleas. We affirm.
On March 25, 1997, Detective Thomas Hooper and Detective Fields of the Norton Police Department went to serve two warrants for the arrest of Anderson at his last known address in Akron, Ohio. They knocked on the door and were greeted by Anderson's mother. The detectives identified themselves and asked if Anderson was there. She said that he was and admitted them into the house. She indicated that she thought Anderson was upstairs, but after they searched the upstairs of the house, he was not found.
The detectives and Anderson's mother then returned downstairs. She then suggested that Anderson might be in the basement. The three then went into the basement, where they found Anderson. The detectives told Anderson that they had warrants for his arrest and that he was to accompany them. Anderson went upstairs from the basement with them and sat on a couch, disputing the charges that were the bases for the warrants. The detectives refused to discuss the charges and told Anderson to go upstairs and put on a pair of shoes. He went upstairs, accompanied by Detective Hooper. Anderson was not handcuffed.
After Anderson put on shoes and a jacket, Detective Hooper produced handcuffs and asked him to turn around. Anderson said that he wanted to talk with his mother and went down the stairs "at a quick pace." Detective Hooper shouted to Detective Fields that Anderson was coming down and also went down the stairs. Anderson went to his mother and placed his arm around her. Once he had positioned her between himself and the two detectives, Anderson ran out the door. The detectives ran after him, drawing their weapons and shouting for him to stop. A thorough search of the area was made, but Anderson was not found. He was later apprehended in Chattanooga, Tennessee, and returned to Summit County where he was served with the warrants.[1]
Anderson was indicted on one count of escape, in violation of R.C. 2921.34(A). Anderson pleaded not guilty. A jury trial was held on May 26 and 27, 1998. Former Detective Hooper[2] was the sole witness for the State; witnesses for Anderson were his mother and an officer of the Akron Police Department, who was called to testify as to his (Anderson's) mother's reputation for veracity. After deliberating, the jury found Anderson guilty. The trial court sentenced Anderson accordingly. This appeal followed.
Anderson asserts six assignments of error, five of which are argued pro se in a supplemental brief. We will address each in turn.
Assignment of Error
 THERE WAS INSUFFICIENT EVIDENCE AS A MATTER OF LAW TO SUSTAIN APPELLANT'S CONVICTION FOR ESCAPE.
In this assignment of error, Anderson contends that the trial court erred by not granting his motion for acquittal under Crim.R. 29. He argues that his acts were insufficient to constitute escape because he was never under "detention," as defined by the Revised Code and the Ohio Supreme Court. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe
(1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
R.C. 2921.34(A)(1) states in pertinent part: "No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention * * *." "A person is under `detention,' as that term is used in R.C. 2921.34, when he is arrested and the arresting officer has established control over his person." State v. Reed (1981),65 Ohio St.2d 117, syllabus. Control may be established "either by the defendant's surrender or submission to police authority or by police exertion of control over him." State v. Huffman (1987),38 Ohio App.3d 84, 86. When control is established "is an objective determination that can be made on a case-by-case basis." Id.
Physical restraint is not required to establish control. State v.Davis (1992), 81 Ohio App.3d 706, 720.
Anderson relies on this court's decision in State v. Jackson
(1992), 83 Ohio App.3d 298. In Jackson, the defendant entered the lobby of the Lorain County Correctional Facility, where officers recognized him and discovered that there was an outstanding warrant for his arrest. After an officer approached the defendant and told him that there was a warrant for his arrest, the defendant fled from the facility. This court found that control had not been established. Id. at 300. Anderson contends that, as with the defendant in Jackson, control over him was never established by Detectives Hooper and Fields.
However, in Jackson we distinguished State v. Stemen (Mar. 10, 1989), Allen App. No. 1-87-26, unreported, 1989 Ohio App. LEXIS 848, in which the Third District found "control" in circumstances very similar to the case at bar. In Stemen, sheriff's deputies went to the home of the defendant and notified him that they had a warrant for his arrest and that he was to accompany them to the sheriff's department. The defendant asked permission to go upstairs and change his clothes, which the deputies permitted. The defendant then promptly jumped out of a window. The court held that the defendant was under the deputies' "control" because he asked for their consent to go upstairs and change his clothes. Id. at *7.
This case is more like Stemen than Jackson. In the case at bar, Anderson was found in the basement. The detectives told him in the basement that he was under arrest and repeated the statement at least one more while they were on the main floor of the house. When told to go upstairs with the detectives, Anderson complied. He was told to go upstairs and put on a pair of shoes and again complied. Viewed in a light most favorable to the prosecution, the evidence showed that Anderson submitted to the authority of Detectives Hooper and Fields, thus placing him under their "control." Thus, the trial court did not err by overruling Anderson's motion for acquittal. This assignment of error is overruled.
First Pro Se Assignment of Error
 APPELLANT WAS DEPRIVED OF HIS FIFTH AND SIXTH AND FOURTEENTH AMENDMENT [sic] AND THE DUE PROCESS CLAUSE OF THE OHIO AND THE UNITED STATES CONSTITUTION [sic] WHEN THE TRIAL COURT FAILED TO HOLD AN EVIDENTIARY HEARING PURSUANT TO OHIO EVIDENCE RULE 801(D)(1)(C) [sic] AND CRIMINAL RULE 45(D)12(E) [sic]
In his first pro se assignment of error, Anderson argues that the warrants issued for his arrest that Detectives Hooper and Fields were going to serve on him were issued without probable cause. This issue was not raised below. Therefore, we can only take notice of the error if it rises to the level of plain error. Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v.Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order for this court to apply Crim.R. 52(B), it must be clear that the outcome of the trial would have been different but for the alleged error. See State v. Lane (1995), 108 Ohio App.3d 477,482.
We find no plain error. R.C. 2921.34(B) states: "Irregularity in bringing about or maintaining detention, or lack of jurisdiction of the committing or detaining authority, is not a defense to a charge under this section if the detention is pursuant to judicial order[.]" See State v. Harkness (1991),75 Ohio App.3d 7, 10. Because Anderson's detention was pursuant to judicial order—an arrest warrant — any alleged irregularity in those warrants is not a defense to the charge of escape. The first prose assignment of error is overruled.
Second Pro Se Assignment of Error
 APPELLANT WAS DENIED DUE PROCESS AND A RIGHT TO A FAIR TRIAL WHEN THE TRIAL COURT SUSTAINED THE STATES [sic] OBJECTION OVER DEFENSE COUNSEL CROSS EXAMINATION OF THE STATES WITNESS [sic], DETECTIVE HOOPER REGARDING THE INVESTIGATION REPORT AS TO THE ISSUE OF CONTRON [sic] AND HOW THE ALLEGED ESCAPE ON 3-25-97 OCCURED [sic].
In his second pro se assignment of error, Anderson argues that the trial court erred by not allowing Detective Hooper to be cross-examined about an investigation report. During the cross-examination of Detective Hooper, the following exchange occurred:
 Q [by Anderson's trial counsel]. You've had a chance to review, have you not, Detective Fields' written report regarding what happened on March 25, 1997?
A. Yes.
 Q. You would agree with me, would you not, that Detective Fields --
 [The prosecutor]: Your Honor, I'm going to object. May we approach?
THE COURT: Yes.
 (Whereupon, a discussion was had at side bar, off the record.)
THE COURT: Objection sustained.
Anderson asserts that Detective Hooper was about to be cross-examined about statements from Detective Fields' report that contradicted Detective Hooper's testimony, and that the trial court should not have sustained the objection.
An appellant has the burden of demonstrating error on appeal. See Bd. of Health v. Trubiani (Dec. 16, 1998), Medina App. No. 2731-M, unreported, at 7. The reason for the trial court's exclusion of the statements from Detective Fields' report is not found in the record. However, Anderson had not enunciated any reasons under the Ohio Rules of Evidence why the statements should not have been excluded. Thus, he has failed to demonstrate error on the part of the trial court. The second pro se assignment of error is overruled.
Third Pro Se Assignment of Error
 APPELLANT WAS DENIED DUE PROCESS AND A RIGHT TO A FAIR TRIAL BY THE PROSECUTION KNOWINGLY UTILIZING PERJURED TESTIMONY REGARDING THE ARREST, AND EXTRADITION.
Anderson argues in his third pro se assignment of error that the prosecution knowingly used false testimony. However, there is nothing in the record before this court to support his assertion that Detective Hooper's testimony was false. This assignment of error is without merit and is overruled.
Fourth Pro Se Assignment of Error
 APPELLANT WAS DEPRIVED OF HIS FIFTH AND SIXTH AND FOURTEENTH [sic] ADMENDMENT [sic] AND THE DUE PROCESS CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTION WHEN THE TRIAL COURT FAILED TO GRANT A CONTINUANCE TO PREPARE AND TO PRESENT EVIDENCE
In the fourth pro se assignment of error, Anderson asserts that the trial court should have granted a continuance. Before trial, Anderson's trial counsel moved for a continuance. Counsel asserted that the prosecution now had elected to try the charges that were the bases for the warrants issued with the escape charge, when the prosecution had earlier stated that those charges would be tried separately. Counsel argued that more time was needed to prepare testimony for Anderson's alibi to those charges. Anderson argues that the continuance should have been granted.[3]
We review a trial court's decision to grant or deny a continuance under an abuse of discretion standard. State v. Unger
(1981), 67 Ohio St.2d 65, syllabus. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
We conclude that there was no error. The trial proceeded only on the escape charge, and the other two charges were dismissed by the prosecution. Therefore, there was no prejudice to Anderson's ability to prepare a defense to the other two charges due to the denial of the motion for continuance. The fourth pro se assignment of error is overruled.
Fifth Pro Se Assignment of Error
 APPELLANT WAS DENIED DUE PROCESS AND A RIGHT TO A FAIR TRIAL BY THE TRIAL COURT FAILURE [sic] TO GRANT A MISTRIAL.
Anderson argues in his fifth pro se assignment of error that the trial court erred by not granting a motion for a mistrial. After a brief recess, before any testimony had been presented, Anderson moved for a mistrial based on the fact that one of the jurors had seen him handcuffed during the break. The trial court denied the motion, stating that it would not act unless one of the jurors came forward with such information and that inquiring of the jurors about the incident might be more harmful than helpful. Anderson now contends that the trial court should have granted the motion. We disagree.
A request for a mistrial under Crim.R. 33 is directed to the trial court's sound discretion. State v. Smith (1990), 68 Ohio App.3d 692,696. Therefore, we will not disturb the judgment of the trial court unless the trial court abused its discretion.Id.; see, also, State v. Landrum (1990), 53 Ohio St.3d 107, 118
(decision to shackle defendant reviewed under abuse of discretion standard).
"Ohio courts have held that `the danger of prejudice to defendants is slight where a juror's view of defendants in custody is brief, inadvertent, and outside of the courtroom.'" State v.Powers (1995), 106 Ohio App.3d 696, 700, quoting State v. Kidder
(1987), 32 Ohio St.3d 279, 286. In the case at bar, the juror's view of Anderson in handcuffs was apparently brief and inadvertent, and it occurred outside of the courtroom. While better practice would dictate that a trial judge should not wait for a juror to tell the court that he or she saw a defendant in shackles before taking remedial measures, the trial court's denial of the motion for a mistrial did not demonstrate perversity of will, passion, prejudice, partiality, or moral delinquency. Accordingly, Anderson's fifth pro se assignment of error is overruled.
Anderson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT
BAIRD, P. J.
WHITMORE, J.
CONCUR
[1] After the trial on the escape charge, the charges that formed the bases for the warrants were dismissed by the prosecution.
[2] Between the time of Anderson's return to Ohio and the trial, Detective Hooper left his position with the Norton Police Department for another law enforcement position.
[3] No order of the trial court ruling on the motion appears in the record. Therefore, we presume that the motion was denied. Georgeoff v. O'Brien (1995), 105 Ohio App.3d 373, 378.