Defendant-appellant Christopher M. Metz (appellant) appeals from his conviction for failure to comply with an order or signal of an officer (R.C. 2921.331) and escape (R.C. 2921.34).
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL ON THE CHARGE OF ESCAPE.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN INSTRUCTING THE JURY THAT THERE WAS EVIDENCE TENDING TO INDICATE THAT DEFENDANT FLED FROM THE VICINITY OF AN ALLEGED CRIME.
 III. THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT FOR PURPOSES OF THIS CASE CORRUPTION OF A MINOR IS A FELONY OF THE FOURTH DEGREE.
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL ON THE CHARGE OF FAILING TO COMPLY WITH AN ORDER OR SIGNAL OF AN OFFICER.
 V. THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Finding the appeal to have merit in regard to the escape charge, the judgment of the trial court is affirmed in part and reversed in part.
 I.
On June 13, 1998, North Royalton Police Officer Mark Fyock was assigned to the traffic unit. Officer Fyock was stationed at a fixed-post on State Route 82, primarily looking for persons driving under the influence. At that point, State Route 82 is a two-lane road with a no-passing zone. Officer Fyock observed a dark green Jaguar driving at what seemed to be a high rate of speed. As the vehicle passed the officer's position, the driver turned on his high beam lights although the area was well-lit. Because an excessive rate of speed and the use of high beam lights are indicators of an impaired driver, Officer Fyock began following the Jaguar. Five cars traveling in the opposite direction flashed their lights at the Jaguar to indicate to the driver that his high beam lights were on but the driver did not turn off the lights.
The officer followed the car for less than two minutes. At approximately 12:28 a.m., Officer Fyock pulled the Jaguar over to investigate the problem with the high beam lights. The driver of the Jaguar pulled into a service station at State Route 82 and W. 130th Street. Officer Fyock approached the Jaguar and asked the driver, appellant, for his driver's license and proof of insurance. Officer Fyock informed appellant that his high beam lights were activated. Appellant denied having his high beam lights on until Officer Fyock pointed out the indicator light on appellant's dashboard and checked the front of the automobile. Appellant then turned off the high beam lights.
Officer Fyock returned to his vehicle to contact the police dispatcher. Officer Fyock learned of a possible arrest warrant for appellant issued by Lorain County. Officer Fyock returned to appellant's vehicle to let appellant know about the possible warrant. Upon learning the existence of the warrant had been confirmed, Officer Fyock walked back to appellant's car, advised appellant the warrant was confirmed, and told appellant he would be taken into custody. Appellant replied that he was not going, turned on his vehicle and drove off, causing the officer to jump away from the Jaguar.
Officer Fyock ran to his automobile and began to pursue appellant westbound on State Route 82. The officer reported he reached speeds of nearly ninety m.p.h. yet could see the tail lights of the Jaguar grow more distant. The chase continued on toward the intersection with Interstate 71. At that point, traffic began to increase. Officer Fyock had to swerve around a center island to avoid hitting cars exiting the off-ramp. Officer Fyock lost contact with the Jaguar and reduced his speed to a more reasonable rate. Officer Fyock terminated his pursuit of appellant because of concerns that someone would be injured.
The police arrested appellant at his home in Strongsville. The address was obtained from appellant's driver's license which was not returned to appellant's possession by Officer Fyock. The Grand Jury indicted appellant for failure to comply with an order or signal of a police officer in violation of R.C. 2921.331 and for escape in violation of R.C. 2921.34. A jury convicted appellant of both counts of the indictment.
 II.
Appellant's first assignment and fourth assignments of error will be addressed together as the same issue of law is involved. In the assignments of error, appellant challenges the trial court's denial of his Crim.R. 29(A) motion for acquittal on the charges of escape and for failing to comply with an order or signal of an officer. A review of the record shows that appellant failed to renew his Crim.R. 29(A) motion at the close of all the evidence. A defendant waives any assertion of error if the defendant fails to renew the Crim.R. 29 motion after presenting evidence in his defense. State v. Miley (1996), 114 Ohio App.3d 738. Because appellant did not renew his Crim.R. 29(A) motion at the close of all evidence, he has waived any error in the denial of the motion.
Appellant's first and fourth assignments of error are overruled.
 III.
Appellant's sixth assignment of error will be addressed next for purposes of clarity in resolving the issues presented for this court's consideration. Appellant contends that his convictions for escape and failure to comply with an order or signal of a police officer were against the manifest weight of the evidence.
To determine whether a conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
R.C. 2921.34(A)(1) provides:
 No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement. Detention under R.C. 2921.34 connotes the status or state of being detained in some sort of legal custody. Physical restraint is not necessary for detention to be established. State v. Shook (1975), 45 Ohio App.2d 32. The avoidance of apprehension does not constitute escape. State v. Magnuson (1981), 2 Ohio App.3d 21.
In State v. Reed (1981), 65 Ohio St.2d 117, a police officer stopped the defendant who was suspected of planning to rob a store. The officer approached the defendant's vehicle with his gun drawn and ordered Reed out of the car. Reed exited his automobile, turned and shot at the officer and a civilian auxiliary. The court held that Reed's actions did not constitute escape pursuant to R.C.2921.34 because the officer never established control over Reed. The court held at syllabus:
 A person is under detention, as that term is used in R.C. 2921.34, when he is arrested and the arresting officer has established control over his person.
In Reed, the court focused on the requirement that control must be established for a person to violate R.C. 2921.34, not on the issue of arrest. Both an arrest and subsequent control are necessary before a person can escape from detention. Officer Fyock clearly had arrested appellant. The issue in the instant case is if control had been established before appellant fled.
Whether control was established is determined on a case-by-case basis. State v. Huffman (1987), 38 Ohio App.3d 84. Control by an officer exists when the defendant surrenders or submits to police authority or by police exertion of control over him. Id.
In State v. Jackson (1992), 83 Ohio App.3d 298, the court found the police had not exerted control over the defendant. The defendant was in the lobby of the Lorain County Correctional Facility when a police officer informed him that there was a warrant for the defendant's arrest. The defendant immediately fled the premises.
In State v. Drabic (Oct. 3, 1995), Tuscarawas App. No. 95AP030022, unreported, a police officer stopped the defendant because of an outstanding warrant. Drabic stopped his vehicle in response to the officer's signal and stepped out of the car. The officer ordered Drabic to place his hands on the vehicle and stated that Drabic was under arrest. Drabic did not comply but stepped backward, indicating he had done nothing wrong. Drabic then turned and ran. The Fifth District Court of Appeals held that Drabic did not escape pursuant to R.C. 2921.34 because Drabic did not submit to the officer's control and the officer never established control over Drabic.
In the instant case, Officer Fyock advised appellant that the arrest warrant had been confirmed and that appellant would be taken into custody. Appellant immediately stated he would not go, turned on his ignition, and sped away from the officer. Based on the facts before this court, appellant had not submitted or surrendered to Officer Fyock's authority. Further, Officer Fyock's statement that appellant would be taken into custody was insufficient to show that the officer exerted control over appellant. As in Jackson, supra, the officer had not established control over appellant at the time appellant fled. There was no evidence before the trial court showing that appellant was under detention pursuant to R.C.2921.34(A)(1). Appellant's conviction for escape was against the manifest weight of the evidence.
Appellant also disputes his conviction for failure to comply with an order or signal of police officer in violation of R.C.2921.331. Specifically, appellant asserts that the state failed to prove he operated his vehicle in a way which created a substantial risk of serious physical harm to persons or property. R.C.2921.331(C)(5)(a)(ii). This provision enhances the offense from a misdemeanor to a fourth degree felony.
To constitute a substantial risk, there must be a strong possibility that a certain result may occur or that certain circumstances exist. A remote or significant possibility is not enough. R.C. 2901.01(H). A substantial risk of physical harm can include creating a substantial risk of death, permanent incapacity, or substantial temporary incapacity. R.C. 2901.01(E). Serious physical harm to property includes a substantial devaluation in property, a substantial interference with the enjoyment of property, or damage that requires a substantial amount of time, effort, or money to repair. R.C. 2901.01(F). The fact that the defendant caused no actual harm is of no consequence to a finding of culpability under R.C. 2921.331(C)(5)(a)(ii) if there is a strong possibility that harm could have occurred. State v. Semenchuk(1997), 122 Ohio App.3d 30. In State v. Cotton (Mar. 18, 1993), Cuyahoga App. No. 62104, unreported, this court found that the defendant's act of fleeing police at high speed through residential neighborhoods was enough to enhance the offense of failure to comply with an order or signal of a police officer to a felony offense. In State v. Menaul (May 18, 1998), Delaware App. No. 97-CAA-09-037, unreported, the Fifth District Court of Appeals found that the defendant created a substantial risk of serious physical harm to persons or property by operating his vehicle at speeds over one hundred m.p.h. on a two-lane road at night in the presence of light traffic. In State v. Hines (Dec. 11, 1998), Ashtabula App. No. 97-A-0075, unreported, the Eleventh District Court of Appeals noted that the defendant's actions during the police pursuit placed the officer in danger. There was no requirement that a civilian be placed in danger for R.C. 2021.331(C)(5)(ii) to apply.
Appellant fled from Officer Fyock by driving down a two-lane road at speeds in excess of ninety m.p.h. Officer Fyock reported that there was some traffic traveling in the opposite direction. Officer Fyock broke off the pursuit soon after narrowly missing traffic by taking the evasive action of swerving left of a center island. The officer stated he reduced his speed for the fear someone would be hurt. Appellant's actions of driving at high speed down a two-lane road at night certainly endangered Officer Fyock and everyone else in the vicinity. The prosecution sustained its burden of presenting evidence beyond a reasonable doubt proving appellant caused a substantial risk of serious physical harm to persons or property.
Appellant's fifth assignment of error is sustained in part and reversed in part.
 IV.
Based upon the resolution of the fifth assignment of error, appellant's second and third assignments of error are moot.
It is ordered that appellee recover of appellant one half of its costs herein taxed.
It is ordered that appellant recover of appellee one half of his costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADM. J. and PATRICIA A. BLACKMON, J. CONCUR.
 _________________________ LEO M. SPELLACY, JUDGE