DECISION AND JUDGMENT ENTRY
{¶ 1} Rocky D. Newman appeals his conviction in the Scioto County Court of Common Pleas on one count of escape, a violation of R.C. 2921.34(A)(1)(C)(2)(b). Newman contends that the trial court erred in overruling his motions to dismiss and that the jury's verdict is not supported by sufficient evidence and is contrary to the weight of the evidence. Because the record contains substantial evidence that Newman was under detention when he ran away from a law enforcement officer, we disagree. Accordingly, we affirm the judgment of the trial court.
 I {¶ 2} On July 22, 2001, law enforcement officers went to Newman's room at a Portsmouth motel to arrest him on an outstanding warrant. Officer Brown knocked on the motel room door, holding a can of mace in his hand Officer Shipley observed Newman trying to climb out of the bathroom window in the rear of the motel. Newman stopped when he saw Officer Shipley.
 {¶ 3} A woman opened the door to the room. Officer Brown saw Newman standing on something in the bathroom, apparently attempting to climb out the broken window. Officer Brown advised Newman that he was under arrest and ordered Newman to come over to him, bend over the table, and put his hands behind his back. Newman walked over to the table, bent over it, and put his hands behind his back.
 {¶ 4} As Officer Brown put his mace away and stepped forward to handcuff Newman, Newman knocked Officer Brown backward with his body and tried to run past Officer Brown and out the door. Officer Brown grabbed Newman around the waist. Newman drug Officer Brown out the door several steps. Officer Brown lost his grip on Newman, and tore a tendon in his hand Newman ran away. Throughout the incident Officer Brown was yelling at Newman, informing him that he was under arrest, that he was committing the offense of escape, and that he would go to prison.
 {¶ 5} Other officers eventually caught Newman. Officer Brown went to the hospital to receive treatment for the injury Newman caused to his hand The Scioto County Grand Jury indicted Newman on one count of escape in violation of R.C.2921.34(A)(1)(C)(2)(b), a felony of the third degree. Newman pled not guilty, and the case proceeded to a jury trial. The jury found Newman guilty, and the trial court entered conviction and sentence accordingly.
 {¶ 6} Newman timely appealed, challenging the trial court's classification of his offense as a third degree felony since he was on probation at the time of his arrest. This court affirmed the classification of Newman's offense as a third degree felony in State v. Newman, Scioto App. No. 01CA2819, 2003-Ohio-1061.
 {¶ 7} Newman filed an application to reopen his appeal under App.R. 26(B), asserting ineffective assistance of appellant counsel. This court granted the application on June 9, 2003, finding that Newman's counsel was deficient in failing to include the trial transcript in the record, because the absence of a trial transcript prevented this court from reviewing Newman's assignments of error related to his Crim.R. 29 motions and the sufficiency and weight of the evidence. We appointed new appellate counsel to represent Newman.
 {¶ 8} Now before the court represented by his new counsel, Newman presents the following as his sole assignment of error: "The trial court violated Mr. Newman's rights to due process under the Ohio and United States Constitutions by overruling his motions to dismiss. The conviction was against the manifest weight of the evidence and was based on insufficient evidence. The jury convicted Mr. Newman on evidence insufficient to establish an escape, because the State failed to prove Mr. Newman was under detention when he resisted his arrest."
 II {¶ 9} In his only assignment of error, Newman contends that the trial court erred in overruling his Crim.R. 29 motions for acquittal because the State did not present sufficient evidence to prove that he was under detention when he broke free and ran from Officer Brown. Additionally, Newman contends that the jury's verdict is contrary to the manifest weight of the evidence.
 {¶ 10} The Ohio Supreme Court clearly outlined the role of an appellate court presented with a sufficiency of evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." See, also, Jackson v. Virginia (1979),443 U.S. 307, 319.
 {¶ 11} This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson,443 U.S. at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 79-80;State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 12} Even when a verdict is supported by sufficient evidence, an appellate court may nevertheless conclude that the verdict is against the manifest weight of the evidence because the test under the manifest weight standard is much broader than that for sufficiency of the evidence. State v. Banks (1992),78 Ohio App.3d 206, 214; Martin, 20 Ohio App.3d at 175.
 {¶ 13} In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Garrow (1995),103 Ohio App.3d 368, 370-71; Martin, 20 Ohio App.3d at 175. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988),38 Ohio St.3d 56, paragraph two of the syllabus.
 A. {¶ 14} R.C. 2921.34(A)(1) provides that "[n]o person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention." "`Detention' means arrest * * *." R.C. 2921.01(E). An arrest occurs when: (1) an officer intends to arrest; (2) the officer has real or pretended authority to arrest; (3) the officer secures actual or constructive detention of the person; and (4) the person understands he or she is under arrest. State v.Barker (1978), 53 Ohio St.2d 135, paragraph one of the syllabus.
 {¶ 15} "A person is under `detention' as that term is used in R.C. 2921.34, when he is arrested and the arresting officer has established control over his person." State v. Reed (1981),65 Ohio St.2d 117, syllabus. Further, "[c]ontrol can be established by the surrender or submission by the person or by police exertion of control over the person." State v. Jackson (1992),83 Ohio App.3d 298, 300. Additionally, "the `control' necessary to establish detention need not be established by physical restraint." State v. Davis (1992), 81 Ohio App.3d 706, 720. We must determine whether an officer had control of an accused on a case-by-case basis. State v. Huffman (1987), 38 Ohio App.3d 84,86.
 B. {¶ 16} Newman concedes that Officer Brown intended to arrest him, that Officer Brown had authority to do so, and that he understood he was under arrest. Newman asserts, however, that the State did not establish that Officer Brown ever secured control over him. Thus, Newman argues that no "detention" occurred from which he could escape. The State contends that it established control over Newman because Newman, knowing he was under arrest, submitted to Officer Brown, and because Officer Brown established physical control over Newman.
 {¶ 17} Newman first argues that he never submitted to Officer Brown's authority, despite the fact that he complied with Officer Brown's orders. Instead, Newman contends that he merely feigned cooperation with Officer Brown in order to trick Officer Brown into stepping out of the doorway and putting his mace away. Thus, Newman states that the jury did not accurately interpret his actions.
 {¶ 18} We find that the correct interpretation of Newman's actions is a factual question for the jury to resolve. The State presented evidence that, after Officer Brown told Newman he was under arrest, Newman did exactly what Officer Brown ordered him to do: he walked away from the bathroom window, leaned over the table in front of Officer Brown, and placed his hands behind his back. Based on this evidence, a rational trier of fact could interpret Newman's actions as submission to Officer Brown's authority to arrest. Therefore, sufficient evidence supports a finding that Newman submitted to Officer Brown, and that the State thereby established the "control" necessary to secure detention of Newman. Additionally, the evidence regarding Newman's actions constitutes substantial evidence upon which one could reasonably conclude that Newman submitted to the arrest beyond a reasonable doubt.
 {¶ 19} Newman next argues that Officer Brown's own testimony refutes a finding that he was under detention. Specifically, when asked if he had control of Newman in the motel room, Officer Brown responded that he "had a hold of him, under control I did not have." However, Officer Brown also testified, "he was in my detention I just couldn't hang on to the man." While Officer Brown's characterization of the situation and interpretation of the terms "control" and "detention" may be somewhat relevant to the jury's determination, they are not dispositive. The facts remain that Officer Brown had his hands around Newman's waist, Newman drug Officer Brown several feet out the door and down the sidewalk, and Newman injured Officer Brown's hand while breaking free from his grasp. A rational trier of fact could interpret this evidence as proving that Officer Brown detained Newman by exerting physical control over him. Additionally, we find that this evidence constitutes substantial evidence upon which one could reasonably conclude that Officer Brown secured control over Newman beyond a reasonable doubt.
 {¶ 20} In sum, we find that the State presented sufficient evidence of control, and that Newman's conviction is not against the manifest weight of the evidence. Newman submitted to Officer Brown and had to break free from physical restraint in order to get away from Officer Brown. Specifically, Newman submitted to his arrest by Officer Brown when he complied with Officer Brown's order to come away from the bathroom window, bend over the table, and put his hands behind his back to be handcuffed. Additionally, Newman broke free from Officer Brown's grasp, injuring Officer Brown in the process. Newman does not dispute that he knew he was under arrest throughout the incident. We find that this constitutes sufficient evidence upon which a rational trier of fact could conclude that Newman was under detention. Additionally, upon reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we cannot say that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that Newman's conviction must be reversed and a new trial granted. The record contains substantial evidence upon which we can reasonably conclude that the State proved all the elements of an escape, in particular the element of "detention," beyond a reasonable doubt.
 {¶ 21} Having found that Newman's conviction is supported by sufficient evidence, we find that the trial court did not err when it overruled his Crim.R. 29 motions to dismiss. In addition, having found that Newman's conviction is not contrary to the manifest weight of the evidence, we overrule his sole assignment of error. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
Harsha, J., concur in judgment and opinion.
Evans, J., not participating.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concur in Judgment and Opinion.
Evans, J.: Not Participating.