560

### STATE v PINNICK et

Ohio Appeals, 9th Dist, Wayne Co

No 958.   Decided Jan 15, 1937

Robert Critchfield, Pros. Atty., Wooster, for appellee.

G. A. Starn, Wooster, and Willis Horn, Orrville, for appellants.

### OPINION

By FUNK, PJ.

The four defendants were jointly indicted, tried and convicted of burglarizing a certain safe of the Sweet Clover Dairy Co. of Wooster, Ohio, which contained money to the amount of about two hundred and twenty-five dollars ($225).

The only errors complained of are:

"1. That the court erred in overruling the motion of each of the defendants at the close of the state's case for a directed verdict.

"2. That the verdict is manifestly against the weight of the evidence."

A determination of both of these questions required the reading of the bill of exceptions, which has been done in its entirety.

1. Did the court err in overruling the motion of each of the defendants for a directed verdict?

The rule is well settled in Ohio, at least in civil cases, that, where a defendant has moved for a directed verdict at the close of the plaintiff's case and the motion has been overruled by the court, the defendant may then either stand on the exception to the ruling on the motion or proceed with his defense; and that if he elects not to stand on the ruling and proceeds with his defense by introducing evidence in his own behalf, he thereby waives his right to rely upon the ruling upon that motion.

See cases cited in **39 O. Jur., "Trial," under §216, page 872.**

Counsel have cited no cases as to whether this rule is applicable in criminal cases, and we find no decisions to that effect in Ohio. However, we do find that the great weight of authority outside of Ohio is to the effect that this same rule applies in criminal cases. 16 C.J., "Criminal Law" §2305, p. 938, and cases cited thereunder. 64 C.J., "Trial," §458, at p. 507.

We know of no reason why such rule should not be followed in a criminal case in this state, especially in view of the holdings of our Supreme Court upon what rights and privileges a defendant may and does waive in the trial of a criminal case.

Furthermore, even if said rule did not apply in criminal cases, we are of the opinion that the evidence at the close of the state's case in chief was such that the court would not have been justified in granting a motion for a directed verdict on behalf of any of the defendants at that time. Moreover, the motion was not renewed at the close of all the evidence.

We accordingly find that the court did not err in overruling each of the defendants' motions at the close of the state's evidence in chief.

2. Was the verdict manifestly against the weight of the evidence?

A detailed analysis of the evidence would serve no useful purpose. Suffice it to say that we find the evidence to be such that, in our opinion the jury was fully warranted in finding the defendants guilty as charged in the indictment.

The judgment of the trial court will therefore be affirmed.

STEVENS and WASHBURN, JJ, concur in judgment.