DECISION AND JOURNAL ENTRY
Appellant, Dwain D. Turner, appeals his conviction in the Summit County Court of Common Pleas. We affirm.
On May 11, 1999, Detectives Allen Fite and Ervin Odom of the Akron Police Department, who were off-duty and working for the Akron Metropolitan Housing Authority, were patrolling an area in the vicinity of the intersection of Wooster and Edgewood in the City of Akron. As they patrolled the area, they observed a white male in a red truck parked in the parking lot of an abandoned apartment building. Both the truck's brake lights and the truck's rear backing lights were on. The Detectives thought that the situation was suspicious and proceeded to park so as to observe the events that followed. They parked their vehicle in plain view in the parking lot in front of the Edgewood Homes Community Center, which was the same parking lot that contained the truck. The Detectives observed Mr. Turner walk out from behind a building, pass near the truck, and then continue past the truck. At that point, the truck pulled out of the parking lot. Mr. Turner continued down the sidewalk bordering Edgewood.
Detective Fite, who was operating the police cruiser, proceeded to pull up next to Mr. Turner. He then turned the cruiser's spotlight to illuminate Mr. Turner and asked Mr. Turner if he would speak with them for a moment. Mr. Turner, who at this point was in front of 719 Edgewood, proceeded toward the police cruiser from the sidewalk and across the tree lawn. As he passed by a tree on the tree lawn, Detective Fite observed Mr. Turner drop what appeared to be white pebbles from his clenched right fist. Detective Fite then exited the police cruiser and proceeded to investigate the area where he had observed Mr. Turner drop the white objects. He discovered several rocks of crack. Mr. Turner was then placed under arrest.
Mr. Turner was indicted by direct indictment filed on May 18, 1999. He was charged with one count of possession of cocaine, in violation of R.C. 2925.11, and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1). The case was tried to a jury on July 21, 1999. Mr. Turner moved for acquittal pursuant to Crim.R. 29 at the close of the State's case-in-chief. He then testified in his own defense. In a verdict journalized on July 23, 1999, the jury found Mr. Turner guilty of both counts. He was sentenced accordingly. This appeal followed.
Mr. Turner asserts two assignments of error. We will address each in turn.
 First Assignment of Error THE CONVICTION FOR TAMPERING WITH EVIDENCE WAS BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.
 Mr. Turner avers that the State failed to adduce evidence at trial showing that he knowingly altered, destroyed, concealed, or removed evidence, one of the elements of the crime of tampering with evidence. Therefore, he argues his conviction was supported by insufficient evidence as a matter of law. We disagree.
The defendant waives any error "in the overruling of the motion for judgment of acquittal by failing to renew her motion at the close of all the evidence" unless the case is tried to the bench. Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163, overruled on other grounds, State v. Lazzaro (1996), 76 Ohio St.3d 261. This court has long held that if a defendant fails to renew his motion for acquittal the defendant "waives his right to rely upon the ruling on such motion," State v. Pinnick (1937), 23 Ohio Law Abs. 560, 560, and that the defendant "has not preserved [the] issue on appeal," State v. Childress (June 29, 1988), Lorain App. No. 4320, unreported, at 3. Further, this court has held that "[a] defendant may not challenge the sufficiency of the evidence on appeal unless he moved for acquittal at trial." State v.Liggins (Aug. 18, 1999), Summit App. No. 19362, unreported, at 3; see, also, State v. Roe (1989), 41 Ohio St.3d 18, 25.
In the case sub judice, Mr. Turner failed to renew his Crim.R. 29 motion for acquittal after presenting his defense. He also did not move for a judgment of acquittal after the jury returned a guilty verdict under Crim.R. 29(C). As Mr. Turner waived any objection under Crim.R. 29 to the sufficiency of the evidence adduced at trial, we conclude that he may not challenge the sufficiency of the evidence on appeal. His first assignment of error is overruled.
 Second Assignment of Error APPELLANT'S CONVICTION FOR POSSESSION OF COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 Mr. Turner argues that, because Detective Fite's testimony was not corroborated by Detective Odom, and because no witnesses specifically contradicted Mr. Turner's testimony, his conviction was against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
One is guilty of possession of drugs in violation of R.C.2925.11(A) if one "knowingly obtain[s], possess[es], or use[s] a controlled substance." Cocaine is a Schedule II controlled substance. R.C. 3719.41. One acts knowingly "when [one] is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
Detective Fite testified that he saw Mr. Turner drop what appeared to be white pebbles. Detective Odom, however, testified that he did not see Mr. Turner drop anything. We conclude that this alleged conflict in the evidence does not show that the jury clearly lost its way in convicting Mr. Turner. Detective Odom may simply have not been paying attention to Mr. Turner's right hand at the point he dropped the crack cocaine, or Detective Odom's view may have been obstructed by Mr. Turner's body while Detective Fite's view was not. Mr. Turner further avers that the jury clearly lost its way because no testimony was adduced by the State that contradicted the chain of events that lead up to his appearance in the parking lot. To summarize, Mr. Turner avers that after doing some odd jobs that evening, he proceeded to a local liquor store where he purchased a pint of wine and a couple cigarettes. He then consumed the wine behind the liquor store and "relieved" himself. He then proceeded to the location where Detectives Fite and Odom first observed him.
Clearly, Detective Fite's testimony contradicted Mr. Turner's testimony to the extent that Mr. Turner testified that he was not carrying crack cocaine. Further, Mr. Turner's statement of the events leading up to the Detectives' observation of him is not inconsistent with what the Detectives witnessed. Whether he was drinking wine prior to dropping the crack cocaine in the tree lawn is irrelevant to the crime of possession of cocaine. See R.C.2925.11(A). Accordingly, after thoroughly reviewing the record, we conclude that the jury did not clearly lose its way and carry out a miscarriage of justice, and thus, Mr. Turner's conviction is not against the manifest weight of the evidence. Mr. Turner's second assignment of error is overruled.
Mr. Turner's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., WHITMORE, J., CONCUR