DECISION AND JOURNAL ENTRY
Defendant Russell L. Dossie has appealed from the judgment of the Summit County Common Pleas Court that found guilty of tampering with evidence and having a weapon while under disability. This Court affirms.
 I.
On July 4, 1999, the Russell family was driving home after a Fourth of July fireworks show, which had just concluded in downtown Akron, Ohio. The traffic was congested and slow-moving. At approximately 10:30 p.m., Defendant, a taxi-driver, was driving his cab north on Tallmadge Avenue. At some point, he drove in front of the Russell's van, effectively cutting-off their driving path. Enraged by this, Mr. Russell, the victim in this case, began to curse at Defendant, shaking his arms and fists.
After coming to a complete stop, still deep in heavy traffic, Defendant, stepped out of his cab to inquire as to Mr. Russell's complaints. He quickly returned to his cab when Mr. Russell continued his tirade. In response to Defendant's rebuff, Mr. Russell emerged from the family van and proceeded to Defendant's cab. The two men argued through Defendant's closed driver's side window, until Defendant turned away in an effort to ignore Mr. Russell. Suddenly, Mr. Russell thrust his fist through the glass, shattering the window into the cab and onto Defendant's face and arms.
Defendant responded by grabbing a gun, which he kept inside the cab, and shooting Mr. Russell. Defendant then fled the scene, proceeding to a nearby gas station where he tossed the gun into a dumpster and radioed for help.
Thereafter, Defendant was indicted and charged with the following: (1) one count of voluntary manslaughter with a firearm specification, in violation of R.C. 2903.03(A) and 2941.145; (2) one count of tampering with evidence with a firearm specification, in violation of R.C.2921.12(A)(1) and 2941.145; and, (3) one count of having a weapon while under disability with a firearm specification, in violation of R.C.2923.13(A)(2) and 2941.145. The State later added one count of murder, in violation of R.C. 2903.02(B), one count of felonious assault, in violation of R.C. 2903.11(A)(2) and one count of carrying a concealed weapon, in violation of R.C. 2923.12.
On November 8, 1999, the matter proceeded to a jury trial. Prior to impaneling the jury, the trial court dismissed the firearm specification on the having a weapon while under disability count. At the close of the State's case and again at the close of his case, Defendant moved for an acquittal of all counts, pursuant to Crim.R. 29. The trial court denied both motions, except the firearm specification on the tampering with evidence count. On November 18, 1999, the jury returned its verdict, finding Defendant guilty of tampering with evidence and having a weapon under disability. The jury found Defendant not guilty on each remaining count. On December 17, 1999, the trial court sentenced Defendant to a definite term of three years in prison for the tampering with evidence charge and to a definite term of one year in prison for the having a weapon under disability charge. Finally, the trial court ordered that the sentences be served concurrently for a total of three years incarceration. Defendant timely appealed, asserting two assignments of error.
 II. First Assignment of Error
 The trial court erred err (sic) or abuse (sic) its discretion by finding [Defendant] guilty of tampering with evidence when such a finding was not supported by the evidence.
In his first assignment of error, Defendant has challenged the sufficiency of the evidence relating to his conviction for tampering with evidence. Defendant has argued, contrary to his testimony at trial, that he placed the gun in the dumpster not with the intent to destroy or conceal it, rather to protect his son. The State has responded, claiming that Defendant has waived this challenge by failing to renew his Crim.R. 29 motion after the jury returned its verdict.
This Court has long held that if a defendant fails to renew his motion for acquittal, that individual waives his or her right to rely upon the ruling on such motion, and that the defendant has not preserved the issue for appeal. State v. Turner (Aug. 23, 2000), Summit App. No. 19751, unreported, at 3, quoting State v. Pinnick (1937), 23 Ohio Law Abs. 560, 560 and State v. Childress (June 29, 1988), Lorain App. No. 4320, unreported, at 3. In the instant case, the record indicates that Defendant, after twice moving for a Crim.R. 29 acquittal, to wit: once after the presentation of the State's case and once after the close of his case, failed to renew that motion after the jury returned its verdict, pursuant to Crim.R. 29(C). Accordingly, Defendant cannot challenge the sufficiency of the evidence underlying his conviction on appeal. See State v. Hunter (July 23, 1993), Montgomery App. No. 13614, unreported, 1993 Ohio App. LEXIS 3655, at *7. Defendant's first assignment of error is overruled.
Second Assignment of Error
 The court erred or abused its' (sic) discretion by finding [Defendant] guilty of having a weapon under disability while finding him innocent by reason of self defense for the underlying alledged (sic) crime.
In his second assignment of error, Defendant has contested his conviction for having a weapon while under disability, claiming that because taxi-drivers are often robbed and even killed, his occupation is dangerous and that the weapon in question was kept for self-defense. Essentially, Defendant has argued that, even as a felon, he knowingly carried the weapon in the cab for protection and should therefore be insulated from criminal culpability. In support of this self-defense argument, Defendant has made two separate points. First, Defendant has invoked the self-defense exception conceived by the Eighth District Court of Appeals in State v. Hardy (1978), 60 Ohio App.2d 325. Second, he has argued that because he was found not guilty of the underlying offenses, he cannot be convicted for having a weapon while under disability. This Court will address each issue in turn.
This Court would begin by observing that the self-defense exception to R.C. 2923.13 found in Hardy has never been explicitly recognized in this district. See State v. Conwell (Apr. 12, 2000), Summit App. No. 19482, unreported, at 8, fn. 2, citing State v. White (Apr. 5, 1989), Summit App. No. 13850, unreported. Moreover, this Court believes that Hardy is inapplicable to this case. In Hardy, the court held that the statute prohibiting the possession of a weapon while under disability "do[es] not restrict the right of an individual under disability from acting in self-defense, when he did not knowingly acquire, have, carry or use afirearm previously." (Emphasis added.) Id. at 330. Defendant's own testimony at trial clearly showed that he purchased the gun in advance of the tragic events that occurred on July 4, 1999. See, also, Conwell,supra, at 8. As such, his first argument is without merit.
Turning to Defendant's second assertion, this Court would observe that "[a] conviction under R.C. 2923.13 for having a weapon while under disability is not precluded when there is an acquittal on, or dismissal of, the indictment which had formed the basis for the charge of having a weapon while under disability." State v. Taniguchi (1995),74 Ohio St.3d 154, syllabus. In other words, Defendant's conviction for having a weapon while under disability is not precluded simply because he was acquitted on the underlying charges. By his own trial testimony, Defendant conceded that he was a convicted felon, yet knowingly carried the gun. His second argument must also fail. Therefore, Defendant's second assignment of error is overruled.
 III.
Defendant's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BAIRD, P. J., CARR, J., CONCUR.