DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Thomas Hodge, has appealed from his conviction for aggravated burglary by the Medina County Court of Common Pleas. We affirm.
Defendant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1). Following a jury trial, Defendant was found guilty and sentenced to three years imprisonment. On March 28, 2000, Defendant moved for a new trial pursuant to Crim.R. 33. On April 12, 2000, the trial court denied the motion. Defendant timely appealed and has raised six assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred in failing to grant [Defendant's] motion for acquittal pursuant to Crim.R. 29 as the state presented insufficient evidence of each and every element of the offense charged to permit the jury to find guilt beyond a reasonable doubt.
 In his first assignment of error, Defendant argues that his conviction was not supported by sufficient evidence. We find that Defendant waived any objection under Crim.R. 29 to the sufficiency of the evidence.
Defendant waives any error "in the overruling of the motion for judgment of acquittal by failing to renew [his] motion at the close of all the evidence" unless the case is tried to the bench. Dayton v.Rogers (1979), 60 Ohio St.2d 162, 163, overruled on other grounds, Statev. Lazzaro (1996), 76 Ohio St.3d 261. This court has long held that if a defendant fails to renew his motion for acquittal the defendant "waives his right to rely upon the ruling on such motion," State v. Pinnick
(1937), 23 Ohio L. Abs. 560, 560, and that the defendant "has not preserved [the] issue on appeal," State v. Childress (June 29, 1988), Lorain App. No. 4320, unreported, at 3. Further, this court has held that "[a] defendant may not challenge the sufficiency of the evidence on appeal unless he moved for acquittal at trial." State v. Liggins (Aug. 18, 1999), Summit App. No. 19362, unreported, at 3; see, also, State v.Roe (1989), 41 Ohio St.3d 18, 25.
In the case sub judice, Defendant failed to renew his Crim.R. 29 motion for acquittal after presenting his defense. He also did not move for a judgment of acquittal after the jury returned a guilty verdict under Crim.R. 29(C). As Defendant waived any objection under Crim.R. 29 to the sufficiency of the evidence adduced at trial, we conclude that he may not challenge the sufficiency of the evidence on appeal. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II [Defendant's] conviction is against the manifest weight of the evidence.
 Defendant argues in his second assignment of error that even if there was sufficient evidence to allow this case to be presented to the jury, his conviction was against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. Id.
Defendant was convicted of aggravated burglary in violation of R.C.2911.11(A)(1), which provides that
 (A)No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]
 The element of force as used in this statute "means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). The trial court defined the element of trespass as "any entrance, remaining in, knowingly made in a structure, residence, dwelling or building of another * * * is unlawful if it is without authority, consent, or privilege to do so."
It is alleged that Defendant committed aggravated burglary in the apartment of Lynn Carpenter. Carpenter and others, including Hank Pomeroy, Nicole Maslanka, Blake Harper, Brandy Bright, Doug Polomsky, Heath Queen, Brian Nelson and Jermaine Tripp, were playing cards and video games at Carpenter's apartment. Carpenter testified that when she left the apartment she left Pomeroy in charge. She stated that this meant he had the authority to decide who could enter the apartment. Prior to her leaving, she requested that Pomeroy ask Tripp and Nelson to leave the apartment because they were being loud. Carpenter further testified that she never gave Defendant permission to enter her apartment. Pomeroy and Bright both testified that after Tripp and Nelson left the apartment, it was decided that no one else was going to be allowed in the apartment that night.
It is undisputed that sometime later that night, Defendant called Carpenter's apartment and identified himself as "John Doe" after Pomeroy answered the phone. Pomeroy testified that the caller asked for Harper before hanging up on him. Following the phone call, Tripp and Nelson came back to Carpenter's apartment accompanied by Defendant, Kenneth Coleman, and Corey Tripp. Pomeroy testified that after the group knocked on the door, "they just kind of came in and started arguing right away." He also testified that he told them they were not welcome in the apartment. Similarly, Bright saw them enter the apartment and testified that they "pushed their way in the door and just started yelling," which caused her to back up into the kitchen.
Pomeroy, Harper, Bright, Maslanka, and Polomsky testified that it was apparent to them that Defendant and the others were there to fight. It is also undisputed that a fight broke out very shortly after the group entered the apartment. Harper testified that the fight started with Jermaine Tripp and Defendant "in [his] face talking to [him]." The testimony indicates that Harper was injured during the fight and required medical treatment. However, Harper did not know who hit him. Polomsky testified that he thought that Defendant or Jermaine Tripp was the party that punched Harper in the face. Pomeroy testified that he saw Defendant kicking Polomsky during the fight, although Polomsky stated he had no recollection of being kicked. Bright testified that everyone was fighting with each other, and she didn't pay attention to who was fighting whom. Additionally, Pomeroy and Bright testified that Queen left the apartment before the fight started.
Pomeroy, Bright, and Polomsky all testified that before attempting to run out of the apartment, Defendant took some of the presents from under Carpenter's Christmas tree. Each witness stated that before Defendant was able to exit the apartment, Pomeroy tackled him and retrieved the presents.
The evidence presented to the jury by Defendant was his own testimony along with a videotape of his interview with police. Defendant testified that he was the party that called Carpenter's apartment and when he called Pomeroy knew it was Defendant on the telephone. Defendant testified that Pomeroy told him he and his friends could come over as long as they "kept it down." Defendant admitted that there was a problem between Jermaine Tripp and Harper and they were going over to the apartment to "squash that problem." He stated that when they knocked on the door, Bright let them in. However, he also conceded that they were not invited into the apartment. Defendant testified that when the fight ensued between Jermaine and Harper, he did not punch or kick anyone, but he remained in the apartment to help Jermaine, in case a fight broke out. Further, Defendant testified that when Jermaine started fighting with Harper, Queen grabbed Jermaine, and when Defendant attempted to stop him, Queen pushed Defendant into the Christmas tree. Defendant testified that he landed in the Christmas presents and used his hand to make a path through them so he could stand up. He stated that he did not try to steal any of the presents.
Although there were inconsistencies in the testimony presented at trial, this Court will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony to the other. Statev. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4-5. Additionally, the evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of fact. Id. at 4. The jury heard witnesses testify that Defendant and his friends pushed their way into Carpenter's apartment uninvited. Defendant testified that they were there to "squash" a problem that Jermaine Tripp had with Harper. Further, three witnesses testified that Defendant attempted to steal Christmas presents from the apartment. It was also clear from the testimony that Harper was seriously injured during the fight and required hospitalization. In light of the foregoing, this Court concludes that this is not an exceptional case in which the weight of the evidence warrants a new trial. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court erred in failing to grant [Defendant's] motion for a new trial.
 In his third assignment of error, Defendant argues that the trial court erred in failing to grant his motion for a new trial because (1) Defendant's conviction was not supported by sufficient evidence and (2) Heath Queen, an indispensable witness for his defense, did not appear at trial to testify, which denied him a fair trial. We disagree.
Crim.R. 33(A)(1) and (4) provide:
 (A)Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
 (4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified[.]
 The granting of a new trial, pursuant to Crim.R. 33, is within the sound discretion of the trial court, and an appellate court cannot reverse the trial court's order unless there has been an abuse of that discretion. State v. Shepard (1983), 13 Ohio App.3d 117, 119. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 A. Sufficiency of Evidence
"Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
We previously determined in assignment of error two that Defendant's conviction was not against the manifest weight of the evidence, and thus determined that there was sufficient evidence to support his conviction. Therefore, the trial court did not abuse its discretion in denying Defendant's motion for a new trial based on insufficient evidence.
 B. Witness
Likewise, Defendant has not demonstrated that the trial court abused its discretion in denying his motion for a new trial based on Queen's failure to appear at trial and testify. While Defendant has provided this Court with a brief overview of what he alleges Queen's testimony would have been had he appeared, this Court has absolutely no means of determining what Queen's testimony would have, in fact, included. Thus, we refuse to engage in speculation and supposition as to what the extent of that testimony might have shown. After a thorough review of the record, it is our view that the trial court did not abuse its discretion in denying Defendant's motion for a new trial on this basis, nor was Defendant denied his right to a fair trial.
Defendant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV The trial court erred in failing to instruct the jury on the lesser included offense of criminal trespass.
 Defendant argues in his fourth assignment of error that the trial court erred by not instructing the jury on the lesser-included offense of criminal trespass. He contends that the lesser-included offense instruction should have been provided because he did not use force, stealth or deception in entering the apartment and he lacked the purpose to inflict, attempt to inflict or threaten to inflict physical harm on another that is required for aggravated burglary. We disagree.
Criminal trespass is a lesser-included offense of aggravated burglary, of which Defendant was convicted. State v. Magnuson (1981),2 Ohio App.3d 21, 23. A charge on a lesser-included offense is required only where the evidence at trial would reasonably support an acquittal on the greater crime charged and a conviction on the lesser-included offense. State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus. Criminal trespass is defined in R.C. 2911.21 and provides in relevant part, "(A) [n]o person, without privilege to do so, shall do any of the following: (1) [k]nowingly enter or remain on the land or premises of another[.]"
As discussed in assignment of error two, there is ample evidence in the record that Defendant trespassed by force into Carpenter's apartment with the purpose to commit assault and/or theft. Witnesses testified that they saw Defendant kicking and/or hitting others in the apartment, resulting in physical harm. For these reasons, we cannot say that the evidence presented at trial would reasonably support both an acquittal on the charge of aggravated burglary and a conviction upon the lesser-included offense of criminal trespass. Accordingly, Defendant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V The trial court erred in permitting the state to introduce hearsay statements of an unindicted co-conspirator violating [Defendant's] constitutional right of confrontation of his accusers.
 In Defendant's fifth assignment of error he argues that Officer Kollar's testimony regarding what a witness told him constituted inadmissible hearsay. Specifically, Officer Kollar testified that Corey Tripp told him that he, Defendant, Jermaine Tripp, Coleman, and Nelson went over to Carpenter's apartment to take care of a problem and that he objected to their going to the apartment because "it was going to cause trouble." Tripp also told Officer Kollar that they were not invited inside the apartment. We find any error in this regard to be harmless.
Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights [and] shall be disregarded." Crim.R. 52(A). Further, "[n]o motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of * * * [t]he admission or rejection of any evidence offered against or for the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby[.]" R.C.2945.83(C).
Assuming arguendo that these statements are indeed inadmissible hearsay, we find that the error is harmless. Defendant testified that he and his friends went to Carpenter's apartment to "squash" a problem. He also testified that they were not invited into the apartment, but that he stayed there to back up Jermaine in case a fight broke out. Accordingly, we conclude that the statements testified to by Officer Kollar were harmless as no prejudicial evidence was obtained thereby. Defendant's fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI It is ineffective assistance of counsel where counsel failed to renew a motion for acquittal following all of the evidence presented in the case and also failed to request a mistrial where each was warranted at the time of trial.
 Defendant argues, in his sixth assignment of error, that he was deprived of a fair trial by virtue of ineffective assistance of counsel. He contends that his trial attorney was deficient when he failed to renew a motion for acquittal pursuant to Crim.R. 29 and when he failed to move for a mistrial when a witness, who was indispensable to his defense, failed to appear at trial. Defendant's argument is not well taken.
The United States Supreme Court has set forth a two-part test to determine if a conviction or sentence should be reversed based upon ineffective assistance of counsel. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674, 693. "First, the defendant must show that counsel's performance was deficient." Id. To meet this standard Defendant must be able to prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, Defendant must establish that the deficient performance by counsel was serious enough that it resulted in prejudice to the defendant "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"Strickland v. Washington, 466 U.S. at 689, 80 L.Ed.2d at 694. There are numerous ways for counsel to provide effective assistance in any given case. In light of these facts, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v.Clayton (1980), 62 Ohio St.2d 45, 49. A defendant must demonstrate that defense counsel's trial tactics prejudiced him, not merely speculate that trial counsel's allegedly deficient performance prejudiced the defense. See State v. Bradley (1989), 42 Ohio St.3d 136, 143.
As discussed in assignment of error one, Defendant's trial counsel waived any objection under Crim.R. 29 to the sufficiency of the evidence adduced at trial when he failed to renew his motion for acquittal. However, we determined in assignment of error two that Defendant's conviction was not against the manifest weight of the evidence, and thus determined that there was sufficient evidence to support his conviction. Therefore, this court finds that in light of this fact, trial counsel was not ineffective for failing to renew Defendant's motion for acquittal.
Defendant also contends that his trial counsel was ineffective in his failure to request a mistrial when an indispensable witness for the defense did not appear at trial. However, as stated in response to Defendant's third assignment of error, the testimony of this witness was speculative, at best. Had Defendant's trial counsel moved for a mistrial based on the missing witness, the outcome of the case would not have changed. Accordingly, we find neither error by trial counsel nor prejudice to Defendant in trial counsel's failure to move for a mistrial.
Defendant's trial attorney did not render ineffective assistance of counsel and the sixth assignment of error is overruled.
Defendant's six assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., WHITMORE, J., CONCUR.