DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Shane L. Metz, has appealed from his conviction and sentence by the Summit County Court of Common Pleas. We affirm.
Defendant was convicted of one count of aggravated robbery, in violation of R.C. 2911.01(A)(3) and one count of felonious assault, in violation of R.C. 2903.11(A)(1). The trial court sentenced Defendant to a term of ten years incarceration for aggravated robbery and a term of eight years incarceration for felonious assault. The court ordered that the terms be served concurrently. Defendant timely appealed and raised four assignments of error for review.
 ASSIGNMENT OF ERROR I The conviction of [Defendant] for the charge of aggravated robbery and felonious assault in this case is against the manifest weight of the evidence and should be reversed.
Defendant has argued in his first assignment of error that his convictions were against the manifest weight of the evidence. Specifically, Defendant has claimed that the victim was unable to identify him as the suspect. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. Id.
Defendant was convicted of aggravated robbery, in violation of R.C.2911.01(A)(3), which states that "[n]o person, in attempting or committing a theft offense, * * * or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, or attempt to inflict, serious physical harm on another." Defendant was also convicted of felonious assault, in violation of R.C. 2903.11(A)(1), which states that "[n]o person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn[.]"
The victim testified that she left her place of employment at approximately 8:30 p.m. to go to the bank and make the store's daily deposit. She put the money bag in her purse. On the way to the bank a truck hit her car from behind, so she pulled over and got out of the car. The truck, which she described as a flatbed truck with wood on the back and no license plate, pulled up and parked around the corner. The victim walked to the doorway of a nearby bar and asked a man, later identified as Hugh Everson, to call the police. She testified that upon her return to the car, Defendant approached and asked her if she was alright and then he looked at the damage to the victim's car. The victim testified that she thought she heard a siren and turned to look up the road. When she turned back she was sprayed in her face with mace and punched in the left eye. She fell to one knee and felt her purse strap break as she was attempting to hold onto it. She further testified that she was kicked or punched in the face a second time. She stood up and went back to the bar to get help. The record indicated that the victim's glasses were broken, she received 14 stitches next to her eye, had a cut across her face, and a broken nose which required two surgeries to correct.
Detective Shannon Davis testified that the victim's money bag and purse were later found in a dumpster outside a bar called the White Front Café. Detective Davis also testified that after locating Defendant's truck, the police discovered that there was damage to the front bumper consistent with the accident. Davis confirmed that the victim identified the truck as the vehicle that hit her car on the night in question. Further, Detective Davis testified as to the victim's identification of Defendant. Davis stated that he showed the victim a photo array and she was able to narrow it down to two suspects. At the time of the identification the victim was still suffering from the injuries to her eyes and the damage to her glasses resulting from the assault.
Hugh Everson testified that he called the police for the victim and later came to her assistance when she returned to the bar after being injured and robbed. Everson positively identified Defendant at the police station and in court as the man who was with the victim just prior to the robbery and assault.
Defendant's step-father, John Garrett, testified that Defendant drove to Garrett's house during the early morning hours following the incident. Garrett testified that when Defendant arrived, his right hand was bleeding at the knuckles. He stated that Defendant told him that he "needed an alibi" for that night. Garrett said that later the next day Defendant confessed to him that he had hit the victim's car with his truck, and then maced, beaten, and robbed her. Garrett further testified that Defendant told him that he took the money and threw the money bag and purse into a dumpster outside a bar. Additionally, Defendant stated to him that he knew the victim made the store's nightly deposits because his mother was previously employed there as a cashier. Garrett also stated that while Defendant was at his house he was counting a lot of cash and had a large amount of cocaine in his possession.
The evidence presented to the jury by Defendant was his own testimony. Defendant admitted that it was his truck that the victim saw at the scene, but denied that he was the individual driving it at the time. Defendant testified that he was at home during that time. He stated that prior to that he was at the White Front Café, the bar where the police later found the missing money bag and purse in the dumpster. Defendant denied any involvement in the incident. He further denied discussing the incident with his step-father and asking him for an alibi.
We conclude that Defendant's convictions for aggravated robbery and felonious assault are not against the manifest weight of the evidence. Although the versions of the events conflict, this fact alone is insufficient to support a ruling that Defendant's convictions were against the manifest weight of the evidence. There was ample evidence that Defendant committed theft and inflicted serious physical harm on the victim. The testimony does not weigh heavily in favor of Defendant and the jury did not lose its way when it found Defendant guilty of aggravated robbery and felonious assault. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court incorrectly denied [Defendant's] motion for acquittal in violation of Criminal Rule 29; specifically, there was not sufficient evidence to prove the offense of [aggravated robbery] and [felonious assault] beyond a reasonable doubt.
 ASSIGNMENT OF ERROR III The trial court erred to the prejudice of [Defendant] and in violation of Criminal Rule 29(A), Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the Constitution of the United States, when it denied [Defendant's] motion for acquittal.
In his second and third assignments of error, Defendant has argued that his convictions were not supported by sufficient evidence. We find that Defendant waived any objection under Crim.R. 29 to the sufficiency of the evidence.
Defendant waives any error "in the overruling of the motion for judgment of acquittal by failing to renew [his] motion at the close of all the evidence" unless the case is tried to the bench. Dayton v.Rogers (1979), 60 Ohio St.2d 162, 163, overruled on other grounds, Statev. Lazzaro (1996), 76 Ohio St.3d 261. This Court has long held that if a defendant fails to renew his motion for acquittal the defendant "waives his right to rely upon the ruling on such motion," State v. Pinnick
(1937), 23 Ohio L. Abs. 560, 560, and that the defendant "has not preserved [the] issue on appeal," State v. Childress (June 29, 1988), Lorain App. No. 4320, unreported, at 3. Further, this Court has held that "[a] defendant may not challenge the sufficiency of the evidence on appeal unless he moved for acquittal at trial." State v. Liggins (Aug. 18, 1999), Summit App. No. 19362, unreported, at 3; see, also, State v.Roe (1989), 41 Ohio St.3d 18, 25.
In the case sub judice, Defendant failed to renew his Crim.R. 29 motion for acquittal after presenting his defense. He also did not move for a judgment of acquittal after the jury returned a guilty verdict under Crim.R. 29(C). As Defendant waived any objection under Crim.R. 29 to the sufficiency of the evidence adduced at trial, we conclude that he may not challenge the sufficiency of the evidence on appeal. Defendant's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV The trial court erred in ordering the maximum sentence to be served for the punishment of the crimes of [felonious assault] and aggravated robbery in the absence of any evidence in the record of any of the factors enumerated in R.C. 2929.14(B) and (C), and in the absence of any finding of such factors on the record.
In his fourth assignment of error, Defendant argues that the trial court erred in imposing the maximum sentence on each count without making the statutorily required findings pursuant to R.C. 2929.14(B) and (C). We disagree.
Pursuant to R.C. 2953.08(G)(1)(a),
 [t]he court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds * * * [t]hat the record does not support the sentence[.]
R.C. 2929.14(B) governs the sentence that may be imposed by a trial court when the defendant is convicted of a felony, a prison sentence is imposed, and the defendant has not previously served a prison term. Under those circumstances, the minimum sentence for the felony offense must be imposed unless the trial court "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). However, R.C. 2929.14(B) does not require that the trial court give its reasons for its findings. State v. Edmonson
(1999), 86 Ohio St.3d 324, 326.
When a trial court imposes the maximum prison term for an offense, it must conduct a statutorily mandated analysis. See State v. Edmonson
(1999), 86 Ohio St.3d 324. As part of this analysis, a trial court may only impose the maximum prison term on a defendant who meets one of four criteria. See R.C. 2929.14(C). The only two criteria relevant to this appeal are whether Defendant "committed the worst form of the offense" or "pose[s] the greatest likelihood of committing future crimes[.]" Id.
Pursuant to R.C. 2929.19(B)(2)(d), the court is then required to state its reasons for imposing such a sentence at the sentencing hearing. Statev. Edmonson (1999), 86 Ohio St.3d 324.
In this case, Defendant was convicted of aggravated robbery, a first degree felony, and felonious assault, a second degree felony, which carry maximum sentences of ten and eight years, respectively. See R.C.2911.01(C); R.C. 2903.11(B); R.C. 2929.14(A)(1) and (2). The trial court sentenced Defendant to the maximum term on each count.
The record indicates that the trial court properly considered the statutory factors set forth by R.C. 2929.14 in sentencing the Defendant to the maximum sentence on each count. During the sentencing hearing the trial court made the following findings:
 In reviewing the statutory requirements in terms of imposing sentence, the Court feels that to give you the shortest term of sentence would demean the seriousness of your conduct and further, it would not adequately protect the public from future crime.
* * *
 There is one additional thing the Court wanted to say in reference to sentencing. Although I gave my reasons for imposing the longest sentence in reference to the aggravated robbery and the felonious assault charge due to the serious physical harm, the Court also feels there is a likelihood of the Defendant committing future crimes based on the vicious nature of the crime, the vicious nature of the injuries, and the fact that the Defendant has a prior conviction already for a theft related offense, receiving stolen property. So obviously he's not been rehabilitated.
The trial court gave additional reasons, during the sentencing hearing, for imposing the maximum sentence. They included the fact that Defendant hit the victim at least twice, once while she was down on the ground; Defendant inflicted psychological damage; and he also inflicted physical damage, which required two surgeries to correct.
We clearly and convincingly find that the record supports the sentence. The trial court made the appropriate statutory findings and gave reasons, as required, for the sentence imposed. Defendant's fourth assignment of error is overruled.
Defendant's four assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. CLABY
BAIRD, P. J. CARR, J. CONCUR