This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Eirsrick Scruggs and Defendant Michael Herring have appealed from their convictions for tampering with evidence, possession of cocaine and having a weapon while under a disability in the Summit County Common Pleas Court.[1] This Court affirms.
 I.
On October 21, 1999, the Akron police department executed a search warrant as the result of suspected drug activities at 907 Work Drive in Akron, Ohio. During the search, an officer outside of the house noticed that a man wearing a gray sweatshirt tossed an object outside an upstairs window. It was later discovered that the object was an operable 9mm handgun. Outside the same window, the police later found crack cocaine on the roof. The police also found crack cocaine on the windowsill and on the bedroom floor. Defendants were the only two individuals observed near the upstairs window. Defendant Scruggs was wearing a gray sweatshirt and was found lying under covers in a different bedroom. Defendant Herring was found in the bathroom that was connected to the bedroom where the gun had been tossed out the window. In this bedroom, the police also found crack cocaine hidden in the dresser, another handgun under the mattress, $636 on the floor, and a scale. Both Defendants were arrested.
On October 10, 1999, Defendants were indicted by the Summit County Grand Jury for one count of trafficking cocaine, tampering with evidence, possession of cocaine and having a weapon while under a disability. They entered a plea of not guilty, and the case proceeded to trial before a jury. Prior to trial, the State moved to dismiss the count of trafficking cocaine, which the trial court granted. On July 13, 2000, the jury found Defendants guilty on all remaining counts, and the trial court sentenced them accordingly. Defendants timely appealed, asserting three assignments of error.
 II. Assignment of Error Number One The evidence presented to the jury was insufficient to prove, beyond a reasonable doubt that [Defendants] committed the offenses of possession of cocaine, tampering with evidence, and having weapons while under disability.
 In their first assignment of error, Defendants have challenged the sufficiency of the evidence relating to their convictions. The State has responded, claiming that Defendants have waived this challenge by failing to renew his Crim.R. 29 motion after the jury returned its verdict.
This Court has long held that if a defendant fails to renew his motion for acquittal, that individual waives his or her right to rely upon the ruling on such motion, and that the defendant has not preserved the issue for appeal. See State v. Turner (Aug. 23, 2000), Summit App. No. 19751, unreported, at 3, quoting State v. Pinnick (1937), 23 Ohio Law Abs. 560, 560 and State v. Childress (June 29, 1988), Lorain App. No. 4320, unreported, at 3. In the instant case, the record reveals that Defendants moved for a Crim.R. 29 acquittal after the presentation of the State's case, but failed to renew that motion after the jury returned its verdict, pursuant to Crim.R. 29(C). Accordingly, Defendants cannot challenge the sufficiency of the evidence underlying their convictions on appeal. See, e.g., State v. Dossie (Nov. 29, 2000), Summit App. No. 19935, unreported, at 4. Defendants' first assignment of error is overruled.
 Assignment of Error Number Two The jury verdict finding [Defendants] guilty of possession of cocaine, tampering with evidence and having weapons while under disability is against the manifest weight of the evidence and should be set aside.
 In their second assignment of error, Defendants have argued that their convictions are against the manifest weight of the evidence. The State has responded, claiming that Defendants have failed to comply with App.R. 16(A)(7). This Court agrees.
Defendants have failed to cite to those portions of the record which might support their contentions. This Court is not charged with the duty of constructing an appellant's arguments. See State v. Vandal (Jan. 26, 2000), Medina App. No. 2983-M, unreported, at 3. Further, this Court "may summarily reject an appeal where the appellant fails to properly brief and argue his assignments of error in the manner required by the Appellate Rules." (Citations omitted.) Id. at 1. Hence, Defendants' second assignment of error is overruled.
 Assignment of Error Number Three The trial court erred by failing to follow the mandates of Ohio sentencing guidelines, [R.C. 2929.14(B) and (E)(4)] by not sentencing [Defendants] to the shortest minimum prison sentence and by implementing consecutive sentences.
 In their third assignment of error, Defendants have argued that the trial court erred when it sentenced them to a prison term for each offense that was more than the mandatory minimum. As a preliminary matter, this Court notes that Defendants have failed to provide this Court with an adequate record of the sentencing hearing. It is an appellant's responsibility to provide the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support his assignments of error. See Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Accordingly, Defendants' third assignment of error is overruled.
 III.
Defendants' assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
______________________________________ BETH WHITMORE
BATCHELDER, P.J., BAIRD, J. CONCUR
[1] On March 28, 2001, this Court consolidated Defendant Scruggs' case no. 20221 with Defendant Herring's case no. 20222.