OPINION
¶ 1} Defendant-appellant appeals his conviction by the Stark County Court of Common Pleas on one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of aggravated robbery in violation of R.C. 2911.01(A)(3). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND LAW ¶ 2} On or about April 1, 2005, appellant telephoned victim Amber Moran, with whom appellant had a relationship the preceding summer. During the brief affair, appellant and Moran spent time together at the Melody Lane Motel in Perry Township, where they smoked crack cocaine. During the April 1, 2005, telephone call, Moran told appellant that she was clean and not interested in engaging in any drug related activities. Appellant told Moran that he was also clean and just wanted to talk with her and "catch up". Moran agreed to meet with appellant.
¶ 3} Appellant picked Moran up at her place of employment at approximately 8:00 p.m. Appellant drove Moran to Downtown Check Cashing, where she cashed her $110.00 paycheck, and thereafter drove her to his friend's house where the two could talk. Once at the friend's house, the two smoked crack cocaine and "partied" for a couple of hours. The two left appellant's friend's house and appellant drove Moran to another location. Feeling scared, nervous, and guilty about her relapse, Moran told appellant she did not want to go inside.
¶ 4} Appellant angrily sped towards Interstate 77, but before reaching the interstate pulled over and asked Moran for money. Moran told appellant that she had no money, as her paycheck was already dedicated to bills and her son. Appellant drove to the interstate, and during the drive became angry, yelled at Moran, and backhanded her across the face, bloodying her mouth. Appellant drove Moran to her apartment complex, pulled behind the apartment, and held the door lock mechanism down so Moran couldn't get out of the car. Moran finally told appellant that she would give him her money so that she could get out of the car, but as soon as she attempted to exit the car appellant grabbed her by the hair, pulled her back in the car, and punched her twice in the face, breaking and lacerating her nose. Moran threw her money at appellant, and he pushed her out of the car, telling her that the next time he saw her he was going to kill her. Moran ran to her apartment, and when she entered was met by her roommate, Chris Williams. Upon seeing Moran injured and covered in blood, Williams immediately called 911. Paramedics and the police responded.
¶ 5} Sergeant Ron Perdue of the Stark County Sheriff's Office responded to the 911 call, and upon arriving at the scene found Moran already receiving treatment from the EMS personnel. Perdue interviewed Moran as she sat in the back of the ambulance, at which time she told him that an individual known to her as "Gene Berry" came to her apartment, demanded money, and assaulted her. Perdue took photographs of Moran's injuries and her bloody clothing. Moran described "Gene Berry's" car, provided Perdue with a phone number which appellant had used to contact her, told Perdue that appellant often stayed at the Melody Lane Motel, and gave Perdue the names of some of the appellant's friends. Moran did not tell Perdue about her drug use earlier in the evening, testifying at trial that she was afraid her probation officer would learn of her relapse. Moran was then transported to the hospital for further treatment of her injuries.
¶ 6} Perdue attempted to locate "Gene Berry" without luck. Utilizing the description of the car and the phone number provided by Moran, Perdue focused on the appellant as a possible suspect. He assembled a photo array, and met with Moran for a follow up interview. He showed the photo array to Moran, who immediately picked appellant out as her attacker. Moran also told Perdue of her drug use with appellant on the night of the attack.
¶ 7} In August of 2005 appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of aggravated robbery in violation of R.C. 2911.01(A)(3), to which he pled not guilty. A two day trial began on October 20, 2005. At the close of the State's case appellant moved for acquittal pursuant to Crim. R. 29(A), which was denied. Appellant did not renew his motion for acquittal at the close of all the evidence. The jury returned a guilty verdict on both counts, and appellant was sentenced four days later. At the sentencing hearing appellant moved the court for a finding of not guilty notwithstanding the verdict pursuant to Crim. R. 29(C), which the court denied. Appellant now appeals his convictions, asserting the following assignments of error:
¶ 8} "I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT, EUGENE McCLOUD, OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION IN ALLOWING THE CASE TO PROCEED AFTER THE STATE RESTED, AS THE PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT EACH AND EVERY ELEMENT OF FELONIOUS ASSAULT O.R.C. 2903.11(A)(1) AND AGGRAVATED ROBBERY O.R.C. 2911.01(A)(3).
¶ 9} "II. THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT, EUGENE McCLOUD, OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY FINDING MR. McCLOUD GUILTY, AS THE VERDICT FOR THE CHARGE OF FELONIOUS ASSAULT O.R.C. 2903.11(A)(1) AND AGGRAVATED ROBBERY O.R.C.2911.01(A)(3) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I ¶ 10} Appellant claims in his first assignment of error that his conviction is not supported by sufficient evidence. We disagree.
¶ 11} Rule 29 of the Ohio Criminal Rules of Procedure provides:
"(A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
 * * *
"(C) Motion after verdict or discharge of jury. If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. It shall not be a prerequisite to the making of such motion that a similar motion has been made prior to the submission of the case to the jury."
¶ 12} Crim. R. 29 was interpreted by the court in the case ofAkron v. Moyneaux (2001), 144 Ohio App.3d 421, 760 N.E.2d 461, appeal not allowed by (2001), 93 Ohio St.3d 1473, 757 N.E.2d 772, as follows: "Defendant waives any error `in the overruling of the motion for judgment of acquittal by failing to renew [his] motion at the close of all the evidence' unless the case is tried to the bench. Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163, 14 O.O.3d 403, 403-404, 398 N.E.2d 781, 782, overruled on other grounds, State v. Lazzaro (1996), 76 Ohio St.3d 261,667 N.E.2d 384. This court has long held that if a defendant fails to renew his motion for acquittal the defendant `waives his right to rely upon the ruling on that motion,' State v. Pinnick (1937), 23 Ohio Law Abs. 560, 1937 WL 2245, and that the defendant `has not preserved [the] issue on appeal,' State v. Childress (June 29, 1988), Lorain App. No. 4320, unreported, at 3, 1988 WL 70774. Further, this court has held that `[a] defendant may not challenge the sufficiency of the evidence on appeal unless he moved for acquittal at trial.' State v. Liggins (Aug. 18, 1999), Summit App. No. 19362, unreported, at 3, 1999 WL 635711. See, also, State v. Roe (1989), 41 Ohio St.3d 18, 25,535 N.E.2d 1351, 1360-1361." Moyneaux at 430.
¶ 13} In State v. Hinkley, Huron App. No. H-03-024,2004-Ohio-4849, appeal not allowed, 105 Ohio St.3d 1517,2005-Ohio-1880, 826 N.E.2d 315, the defendant moved for judgment of acquittal at the close of the state's case, but did not renew the motion at the close of all the evidence. The court held that defendant waived any error regarding the sufficiency of the evidence. Id. at ¶ 6.
¶ 14} Despite the fact that the defendant failed to preserve the sufficiency issue for appeal, the Hinkley court concluded that there was sufficient evidence to convict the defendant. Id. at ¶ 7. In discussing the sufficiency question, the court stated: "`Sufficiency' of the evidence is a question of law on whether the evidence is legally adequate to support a jury verdict as to all elements of a crime. State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541. When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine `the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus [superceded by state constitutional amendment on other grounds in State v.Smith, 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668]." Id.
¶ 15} The Ohio Supreme Court recently spoke on this issue in the case of State v. Conway, 109 Ohio St.3d 412,2006-Ohio-2815, 848 N.E.2d 810: "In reviewing a record for sufficiency `[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. The weight to be given the evidence and the credibility of witnesses are primarily jury issues. State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819; State v. DeHass (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 227 N.E.2d 212." Conway at ¶ 42.
¶ 16} In the case sub judice, the appellant failed to move for acquittal at the close of all the evidence, and therefore waived the right to challenge his conviction on sufficiency grounds. However, even if appellant had satisfied the aforedescribed procedural requirement, his claim that there was insufficient evidence to convict is without merit.
¶ 17} In order to convict the appellant of felonious assault, the State had to prove beyond a reasonable doubt that appellant knowingly caused serious physical harm to Moran. In order to convict the appellant of aggravated robbery, the State had to prove beyond a reasonable doubt that appellant inflicted serious physical harm on Moran in committing a theft offense.
¶ 18} Moran testified as to the events of the night in question, Sergeant Perdue testified as to his investigation, and Moran's medical records documenting her injuries were submitted to the jury for consideration. Viewing the evidence most strongly in favor of the prosecution, the State presented sufficient evidence as to each element of the offenses with which appellant was charged, and any reasonable trier of fact could have found the elements proven beyond a reasonable doubt. Appellant's first assignment of error is therefore overruled.
 II ¶ 19} Appellant claims in his second assignment of error that his conviction is against the manifest weight of the evidence. We disagree.
¶ 20} The Ohio Supreme Court, in the case of C.E. Morris Co.v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, held that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Id.
¶ 21} The manifest weight of the evidence issue was discussed recently by the court in the case of WWW.Headhunting.Org, LLC v.Logicalis, Inc., Hamilton App. No. C-050512, 2006-Ohio-2619:
¶ 22} "In determining whether a trial court's decision was against the manifest weight of the evidence, a court of appeals must presume that the findings of the trier of fact were correct. The rationale of giving deference to the findings of the trial court rests on the proposition that the trial court is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and to use these observations in weighing the credibility of the proffered testimony. Therefore, a judgment supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence." Id. at ¶ 18.
¶ 23} Upon review, an appellate court must consider all of the evidence produced at trial, and in order to overturn a conviction, must find that the jury clearly lost its way and created a "manifest miscarriage of justice." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, superceded by constitutional amendment on other grounds as stated by State v. Smith (1997), 80 Ohio St.3d 89, 1997-Ohio-355,684 N.E.2d 668. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson, 66 Ohio St.3d 610, 616, 1993-Ohio-9,614 N.E.2d 742, rehearing denied by (1993), 67 Ohio St.3d 1439,617 N.E.2d 688.
¶ 24} Moran testified that it was appellant who assaulted and robbed her, and while appellant presented evidence attacking Moran's credibility, the jury found Moran's testimony credible. The investigating officer testified as to Moran's condition upon his arrival at the scene and to his investigation. There is, therefore, some competent, credible evidence supporting the jury's verdict. The jury herein did not lose its way such that there exists a manifest miscarriage of justice. Accordingly, the appellant's second assignment of error is overruled.
¶ 25} The judgment of the Stark County Court of Common Pleas is hereby affirmed.
Edwards, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.